IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEREMY ROWAN and <br> MELINDA ROWAN, husband and wife, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE & CASUALTY <br> COMPANY, and BRODOC LLC d/b/a <br> SERVPRO OF EDMOND, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. CIV-18-109-C |

MEMORANDUM OPINION AND ORDER

Plaintiffs Jeremy Rowan and Melinda Rowan, husband and wife, are citizens of Oklahoma. Defendant State Farm is a citizen of Illinois and Defendant ServPro of Edmond is a citizen of Oklahoma. Plaintiffs filed a Petition in the District Court of Oklahoma County alleging breach of contract and bad faith claims against Defendant State Farm and breach of contract and fraud and deceit against Defendant ServPro. Defendant State Farm subsequently filed a Notice of Removal to this Court asserting that Plaintiffs engaged in fraudulent misjoinder in an effort to defeat diversity jurisdiction. Plaintiffs then filed a Motion to Remand.

Plaintiffs contracted with Defendant State Farm Fire & Casualty Company to provide insurance coverage for Plaintiffs' house and property, and subsequently a storm damaged Plaintiffs' house and property. Plaintiffs submitted an insurance claim to Defendant State Farm, who denied coverage. Plaintiffs hired an independent structural engineer to inspect the damage and the structural engineer determined damage to the house

and property.  Defendant State Farm disagrees with the findings of the independent structural engineer and disputes structural damage exists to the roof trusses.  Plaintiffs hired Defendant ServPro to clean property that was covered in fiberglass insulation and contends that ServPro did not properly clean the property.  Plaintiffs allege there was a relationship between Defendant State Farm and Defendant ServPro but Defendant State Farm disputes this allegation.

Standard

Removal of this case is based on diversity jurisdiction.  "If a civil action filed in state court satisfies the requirements for original federal jurisdiction—meaning, most commonly, federal-question or diversity jurisdiction—the defendant may invoke 28 U.S.C. § 1441(a)."  McDaniel v. Loya, 304 F.R.D. 617, 623 (D.N.M. 2015).  "Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome."  Id. at 625.  "In a case with multiple defendants, there must be unanimous consent to removal; any one defendant may spoil removal and keep the case in state court."  Id. at 623-24.  For a party to remove a case based on diversity jurisdiction, 28 U.S.C. § 1332 requires completely diversity—each plaintiff must be a citizen of a state different from every defendant.  See Grynberg v. Kinder Morgan Energy Partners, L.P., 805 F.3d 901, 905 (10th Cir. 2015), cert. denied, ___ U.S. ___, 136 S.Ct. 1314 (2016).  Under § 1332 district courts "have diversity jurisdiction over 'all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States.'"  Id. (quoting 28 U.S.C. § 1332).  Additionally, "for purposes of determining the existence of diversity jurisdiction, the

citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569–70 (2004).

Discussion

Defendant State Farm argues that Plaintiffs were attempting to avoid this Court's jurisdiction by fraudulent misjoinder of a local party and, therefore, the Court should sever and remand Defendant ServPro for purposes of determining proper subject matter jurisdiction. (Def.'s Resp., Dkt. No. 12, p. 1.) Rule 20 provides the procedural basis for the doctrine of fraudulent misjoinder. See Fed. R. Civ. P. 20. Fraudulent misjoinder, also referred to as procedural misjoinder:

> "occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action. . . . Thus, in a case where the joined claims are totally unrelated, a federal district court may find removal jurisdiction pursuant to the fraudulent misjoinder doctrine even though the plaintiff has a reasonable substantive basis for the claim against the jurisdictional spoiler."

McDaniel, 304 F.R.D. at 630–31 (quoting E. Farish Percy, Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine, 29 Harv. J.L. & Pub. Pol'y 569, 572 (2006). Defendant State Farm argues that Plaintiffs' claim is "wholly distinct" from Plaintiffs' claim against Defendant ServPro. (Def.'s Notice of Removal, Dkt. No. 1, p. 3.) Defendant State Farm relies heavily upon Bunnell v. Oklahoma MH Properties, LP, No. CIV-12-372-R, 2012 WL 12863916 (W.D. Okla. May 11, 2012), but this Court draws a distinction between the reasoning in Bunnell and the issues present in this case. In Bunnell, the district court reasoned that "[w]hile both sets of claims arise out of the same occurrence

in the sense that but for the tornado, neither set of claims would have arisen, there are no questions of law or fact common to all Defendants that will arise in the action." Id. (citing Fed. R. Civ. P. 20(a)(2)(B); 12 Okla. Stat. § 2020(A)(2)(b)).  Plaintiffs rebut Defendant State Farm's allegation that the claim is totally unrelated by alleging a relationship between Defendant State Farm and Defendant ServPro.  (Pet., Dkt. 1, p. 6.)  Plaintiffs argue that "ServPro . . . concealed the fact that it had an existing business relationship with State Farm whereby it gets paid to 'clean' textiles, which saves State Farm money as it does not have to pay out money to replace the personal property."  (Pls.' Reply, Dkt. 13, p. 4.)  This Court finds that there are questions of law or fact common to all Defendants and the application of the procedural misjoinder doctrine is inappropriate.  As a result, this Court turns its attention to the proper application of diversity jurisdiction and finds the Court lacks subject matter jurisdiction in the absence of complete diversity.

## Conclusion

Accordingly, Plaintiffs' Motion to Remand (Dkt. No. 6) is GRANTED.

IT IS SO ORDERED this 22nd day of March, 2018.

ROBIN J. CAUTHRON
United States District Judge